

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

STEVE CONRAD
LOUISVILLE METRO POLICE DEPARTMENT
633 WEST JEFFERSON STREET
LOUISVILLE, KY 40202



# KCOJ eFiling Cover Sheet

Case Number: 19-CI-004492

Envelope Number: 1784570

Package Retrieval Number: 178457012838977@00000917406

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.55

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000019

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

Package : 000001 of 000019

| AOC-E-105 Sum Code: CI | | Case #: 19-CI-004492 |
|---|---|---|
| Rev. 9-14 | | Court: CIRCUIT |
| Commonwealth of Kentucky Court of Justice Courts.ky.gov |  | County: JEFFERSON Circuit |
| CR 4.02; Cr Official Form 1 | CIVIL SUMMONS | |

*Plantiff,* ALBIN, JOHN VS. LOUISVILLE METRO GOVERNMENT, ET AL, *Defendant*

TO: **STEVE CONRAD**
**LOUISVILLE METRO POLICE DEPARTMENT**
**633 WEST JEFFERSON STREET**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **7/23/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: 178457012838977@00000917406
CIRCUIT: 19-CI-004492 Certified Mail
ALBIN, JOHN VS. LOUISVILLE METRO GOVERNMENT, ET AL



Page 1 of 1

**eFiled**

Package:000002 of 000019   Presiding Judge: HON. AUDRA J. ECKERLE (630291)   Package : 000002 of 000019

NO. _____                                          JEFFERSON CIRCUIT COURT
                                                       DIVISION _____
                                                       JUDGE _____

**JOHN ALBIN**                                         **PLAINTIFF**

VS.

**LOUISVILLE METRO GOVERNMENT**                        **DEFENDANTS**

    SERVE:    Mayor Greg Fischer
                  527 W. Jefferson Street
                  Fourth Floor
                  Louisville, Kentucky 40202

and

**OFFICER CHARLES MEEK,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**
**AS OFFICER OF THE LOUISVILLE METRO POLICE DEPARTMENT**

    SERVE:    Charles Meek
                  Louisville Metro Police Department
                  633 W. Jefferson Street
                  Louisville, Kentucky 40202

and

**OFFICER MICHAEL PUGH,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**
**AS OFFICER OF THE LOUISVILLE METRO POLICE DEPARTMENT**

    SERVE:    Michael Pugh
                  Louisville Metro Police Department
                633 W. Jefferson Street
                Louisville, Kentucky 40202

and

**CHIEF STEVE CONRAD,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**
**AS CHIEF OF THE LOUISVILLE METRO POLICE DEPARTMENT**

SERVE: Steve Conrad
Louisville Metro Police Department
633 W. Jefferson Street
Louisville, Kentucky 40202

and

**UNKNOWN OFFICER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS OFFICER OF THE LOUISVILLE METRO POLICE DEPARTMENT**

SERVE: Unknown Officer
Louisville Metro Police Department
633 W. Jefferson Street
Louisville, Kentucky 40202

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Comes the Plaintiff, JOHN ALBIN, by counsel, and for his complaint hereby states as follows:

### PARTIES

1. Plaintiff John Albin (hereafter "Plaintiff") is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant Louisville Metro Government (hereafter "Louisville") is the consolidated local government of a first-class city located in Jefferson County, Kentucky, and employer of all of the individual Defendant police officers and supervisors named herein.

3. Defendant Officer Charles Meek (hereafter "Meek") is a natural person and was at all times relevant hereto employed as a police officer with the Louisville Metro Police Department in Louisville, Kentucky.

2

4. Defendant Officer Michael Pugh (hereafter "Pugh") is a natural person and was at all times relevant hereto employed as a police officer with the Louisville Metro Police Department in Louisville, Kentucky.

5. Defendant Chief Steve Conrad (hereafter "Chief Conrad") is a natural person and was at all times relevant hereto employed as the Police Chief of the Louisville Metro Police Department in Louisville, Kentucky.

6. Defendant Unknown Officer of the Louisville Metro Police Department was at all times relevant hereto employed as police officer with the Louisville Metro Police Department in Louisville, Ky.

## JURISDICTION AND VENUE

7. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

8. Plaintiff's claims fall within the subject-matter jurisdiction of this Court.

9. Plaintiff's claims for damages exceed the jurisdictional minimum of this Court.

10. Venue is proper because the events giving rise to this action took place in the city of Louisville in Jefferson County, Kentucky.

## FACTS

11. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

12. The entire incident giving rise to this complaint was captured on multiple body-worn cameras of the police officers on scene, obtained pursuant to an Open Records request, and much of which was redacted or muted prior to being produced.

3

13. The Plaintiff has never been convicted of a felony.

14. On July 25, 2018, Plaintiff was in his car with his girlfriend, Amber Smith (hereafter, "Smith").

15. The car was parked outside of Smith's brother's home located at 4170 Hazelwood Drive, Louisville, Kentucky 40215.

16. At about 12:50 p.m., Defendant Meek and Defendant Pugh were patrolling through the Hazelwood area when they happened across the Plaintiff and Smith sitting in Plaintiff's automobile.

17. Defendant Meek and Defendant Pugh stopped their vehicle near Plaintiff's vehicle and approached the vehicle.

18. Plaintiff and Smith began exiting the vehicle.

19. As Defendant Meek and Defendant Pugh approached Plaintiff's vehicle, Defendant Meek said to Plaintiff and Smith, "Hold up. Did you guys see somebody run through here?"

20. Plaintiff and Smith responded that they did not see anyone run by but they saw someone on a mountain bike go by.

21. Defendant Meek asked, "Do you guys live here?"

22. Smith responded that her brother lived there and they'd come to visit him.

23. Defendant Meek continued his questioning, asking, "So what are we doing here today?"

24. Smith said, "I just pulled up here."

25. Defendant Meek asked, "Whose vehicle is this?"

26. Smith pointed to Plaintiff and told Detective Meek that it was Plaintiff's vehicle.

27. Detective Meek asked Plaintiff, "Is it registered to you?"

28. Plaintiff confirmed that the vehicle was registered to him.

4

29. Defendant Meek asked for Plaintiff's and Smith's IDs and asked Smith, "Why are you shaking so bad? Did you just slam that vein?"

30. Smith responded "No."

31. Defendant Meek asked, "Are there any needles in the car?"

32. Smith responded, "No."

33. Defendant Meek asked, "Any needles on you?"

34. Smith responded, "In my bra."

35. Defendant Meek asked, "Are you with the needle exchange program?"

36. Smith responded, "Yes," and handed over a needle to Defendant Meek and then showed Defendant Meek her needle exchange card.

37. Defendant Meek asked if there was anything in the car that a drug dog would alert to.

38. Smith and Plaintiff responded that there was not anything in the car that a drug dog would alert to.

39. Defendant Meek asked Smith and Plaintiff to step to the rear of the car.

40. Plaintiff and Smith stepped to the rear of the car.

41. While Defendant Meek questioned Smith, Defendant Pugh questioned Plaintiff.

42. Defendant Pugh asked Plaintiff, "If we get a dog out here, is it gonna hit on anything in the car?"

43. Plaintiff responded, "No."

44. Defendant Meek asked Defendant Pugh to take Plaintiff's and Smith's drivers licenses to the squad car to check police databases on the computer.

45. Meanwhile, Defendant Meek continued to question Plaintiff and Smith.

46. Audio from the questioning of Smith by Defendant Meek was redacted from the video.

47. When the sound resumes, Defendant Meek asked Smith if there's anything inside the vehicle, to which Smith responds, "No, shouldn't be."

48. Defendant Meek said, "So you don't mind if I take a look?"

49. Smith shakes her head no and motions toward the vehicle.

50. Defendant Meek did not ask Plaintiff if he could search his vehicle.

51. Plaintiff did not give consent to the search of his vehicle.

52. Defendant Meek then told Defendant Unknown Officer to search Plaintiff's vehicle, followed by an audio-redacted conversation with Smith and Plaintiff.

53. Upon searching the vehicle, the Unknown Officer discovered a handgun in the vehicle.

54. Plaintiff confirmed that the handgun belonged to him, followed by more redacted audio.

55. "Put your hands behind you, chief," Defendant Meek said, placing Plaintiff in handcuffs.

56. Much of the audio dialogue which follows on video has been redacted.

57. Defendant Pugh obtained the serial number from the Plaintiff's handgun from another officer and returned to his car to perform a search of the handgun's serial number.

58. Meanwhile, Defendant Meek asked Plaintiff if he had ever been convicted of a felony.

59. Plaintiff responded, "No."

60. As Defendant Pugh ran the gun's serial number on his computer, a voice over the dispatch said, "[The gun is] clear, no record found."

61. Defendant Pugh told Defendant Meek that "the gun is clear," and that he's run the Plaintiff's record on NCIC but his CourtNet is down.

62. Defendant Meek returned to the passenger side of the patrol car to check CourtNet while Defendant Pugh questioned the Plaintiff.

6

63. Defendant Pugh asked Plaintiff about his criminal history, and Plaintiff accurately explained that he had a misdemeanor record.

64. As Defendant Meek ran the CourtNet search, Defendant Pugh approached Defendant Meek and informed him that Plaintiff "said he had some POCS charges but they were amended down to misdemeanors."

65. Defendant Meek replied, "Yeah, you can thank the prosecutors for that bullshit," followed by audio redactions.

66. Defendant Pugh confirmed that the Plaintiff had told him about both of the cases on the computer screen and that they had both been amended down to misdemeanors, saying "And it looks like he's right."

67. Officer Meek replied "That's what it's lookin' like so far."

68. The officers continued their conversation through another redaction, at the end of which, Defendant Meek said, "Jesus Christ. Freaking prosecutors man. I tell you what."

69. Defendant Pugh walked away from the car as Defendant Meek continued looking at CourtNet.

70. Defendant Meek continued searching CourtNet for a few seconds longer before calling Defendant Pugh back to the car.

71. Defendant Meek told Defendant Pugh, "Convicted felony. POCS first cocaine, 11/14, well he was charged, sentenced December 22 of last year. Guilty. POCS first. Cocaine."

72. Defendant Pugh said, "So he's felony in possession?"

73. Defendant Meek said, "Yes."

74. Defendant Pugh said, "He told me that it was... But he was charged and found guilty on POCs one?"

75. Defendant Meek said, "Yep."

76. Defendant Pugh said, "That's a felony."

77. Defendant Meek said, "That's a felony!"

78. Defendant Pugh said, "He's 10-15 for felon in possession of a firearm?"

79. Defendant Meek said, "Yep. Yep."

80. Defendant Pugh said, "He admitted that that was his and it was in the glovebox?"

81. Defendant Meek said, "Yes he did."

82. The audio that followed is redacted, with a smiling Defendant Meek giving a fist-bump to Defendant Pugh.

83. Defendant Pugh approached Plaintiff to arrest him.

84. Plaintiff again explained to Defendant Pugh that his previous charge had been amended down to a misdemeanor and that he is not a convicted felon.

85. Defendant Pugh arrested Plaintiff and charged him with the offense of Possession of a Firearm by a Convicted Felon.

86. After his arrest, the Plaintiff was incarcerated at Louisville Metro Corrections for eight days before being released on August 1, 2018.

87. On August 6, 2018, Plaintiff's criminal case (Jefferson District Court case no. 18-F-014096) was dismissed without prejudice and without a stipulation of probable cause because the Plaintiff is not a felon, a required element of the charge of Possession of a Firearm by a Convicted Felon.

88. On August 10, 2018, Plaintiff's firearm was released back into his custody.

89. Plaintiff's arrest, unbeknownst to Plaintiff at the time, was filmed by a local news crew for a news report titled "Where do the syringes from the needle exchanges go? Not far in some cases."

90. The news report that aired showed the Plaintiff's arrest and described his charge on the air.

91. This report aired on September 25, 2018, more than a month after the charges against the Plaintiff were dismissed.

92. As a result of his arrest and subsequent news story, the Plaintiff was approached by family, friends, neighbors, and co-workers inquiring about his supposed status as a felon in possession of a firearm.

## COUNT I

### 42 U.S.C. 1983 – UNLAWFUL ARREST AND SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

93. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

94. 42 U.S.C. § 1983 provides that "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

95. Plaintiff is a citizen of the United States and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

96. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Louisville Metro Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

97. At the time of the incidents giving rise to this Complaint, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through unlawful arrest.

98. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

99. Defendant Pugh's, Defendant Meek's and Defendant Unknown Officer's actions, unlawful arrest, and unlawful seizure of the Plaintiff, as described herein, were both objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of the Plaintiff.

100. Defendant Pugh's, Defendant Meek's and Defendant Unknown Officer actions, unlawful arrest, and unlawful seizure of the Plaintiff, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

101. Defendant Pugh, Defendant Meek and Defendant Unknown Officer unlawfully seized and unlawfully arrested Plaintiff.

102. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable seizure of his person of the other Defendant officers despite being in a position to do so. They are each therefore liable for the damages resulting from the objectively unreasonable seizure by the other Defendant officer(s).

103. Defendant officers engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

104. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff injury.

105. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

106. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages.

## COUNT II

**42 U.S.C. 1983 – UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

107. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

108. The Fourth Amendment of the United States Constitution protects Plaintiff against unreasonable searches and seizures.

109. Defendant Pugh, Defendant Meek and Defendant Unknown Officer searched Plaintiff's vehicle without his implied or explicit consent and without probable cause to perform the search.

110. Defendant Pugh, Defendant Meek and Defendant Unknown Officer had actual knowledge that Plaintiff owned the vehicle they searched.

111. By searching the vehicle without the Plaintiff's consent or probable cause, Defendant Pugh, Defendant Meek and Defendant Unknown Officer violated Plaintiff's Fourth Amendment right to be free from an unreasonable search and seizure.

112. Defendants' unreasonable search resulted in the unreasonable seizure of Plaintiff's handgun, which he owned and had a right to own and carry under the Second Amendment of the United States Constitution and the laws of the Commonwealth of Kentucky.

113. Plaintiff was not only deprived on his property, but his protected constitutional rights were violated by the negligent and unreasonable actions of the Defendants.

114. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

115. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages.

## COUNT III

### FALSE IMPRISONMENT

116. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

117. Defendant Pugh, Defendant Meek and Defendant Unknown Officer willfully and intentionally, without the Plaintiff's consent, unlawfully restrained the Plaintiff with no legal justification to do so.

118. Defendant Pugh, Defendant Meek and Defendant Unknown Officer caused the Plaintiff's personal liberty and freedom of movement to be restrained with no legal justification to do so.

119. Defendant Pugh, Defendant Meek and Defendant Unknown Officer did not have probable cause to arrest Plaintiff.

120. As a result of Defendant Pugh, Defendant Meek and Defendant Unknown Officer's intent and deliberate indifference, Plaintiff was falsely imprisoned.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

122. Defendant Pugh, Defendant Meek and Defendant Unknown Officer acted intentionally and/or recklessly towards Plaintiff to cause Plaintiff to sustain emotional distress.

123. Defendants' conduct was outrageous and extreme, as well as intolerable as it offends the generally accepted standards of morality and decency.

124. Defendants' conduct has caused Plaintiff emotional distress.

125. Plaintiff's resulting emotional distress was severe.

## COUNT V

## NEGLIGENCE

126. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

127. Defendant Pugh, Defendant Meek and Defendant Unknown Officer owed a duty to Plaintiff, to protect him from harm and to treat him fairly and lawfully.

128. Defendant Pugh, Defendant Meek and Defendant Unknown Officer breached that duty by failing to perform proper due diligence before unlawfully arresting the Plaintiff and unlawfully seizing his property.

129. Defendant Meek, Defendant Pugh and Defendant Unknown Officer's breach of their duty was the factual cause and legal cause of Plaintiff's harm.

130. Defendants Louisville and Defendant Chief Conrad, as the individual Defendants' employer and supervisor, are liable for Defendant Meek, Defendant Pugh and Defendant Unknown Officer's negligence and breach of duties by principles of agency and/or directly.

## COUNT VI

## NEGLIGENT SUPERVISION, HIRING, AND TRAINING

131. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

132. Defendant Louisville and Defendant Chief Conrad were negligent in their supervision of Defendant Pugh, Defendant Meek and Defendant Unknown Officer.

14

133. Defendant Pugh, Defendant Meek and Defendant Unknown Officer also were negligent in the supervision of each other.

134. Defendant Louisville and Defendant Chief Conrad were negligent in the hiring and training of Defendant Pugh, Defendant Meek and Defendant Unknown Officer.

135. Defendant Pugh, Defendant Meek and Defendant Unknown Officer are directly liable for their tortious and unconstitutional conduct, as described throughout this Complaint.

136. Defendant Louisville and Defendant Chief Conrad are liable for the actions of the other Defendants under the doctrine of *respondeat superior*, as well as directly for the aforementioned negligence.

137. Defendant Louisville and Defendant Chief Conrad owed a duty to Plaintiff to use ordinary and reasonable care in properly hiring, training, and supervising Defendant Pugh, Defendant Meek and Defendant Unknown Officer, and they breached that duty by failing to use ordinary and reasonable care in hiring, training, and supervising Defendant Pugh, Defendant Meek and Defendant Unknown Officer and allowing the aforementioned events to take place.

## COUNT VII
### MALICIOUS PROSECUTION

138. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation and statement contained in all previous paragraphs of this Complaint.

139.    As a result of the unlawful charges against the Plaintiff and the unlawful arrest of the Plaintiff, Defendant Pugh, Defendant Meek and Defendant Unknown Officer initiated a criminal proceeding against the Plaintiff.

140.    Probable cause did not exist for the criminal proceeding against the Plaintiff.

141.    Defendant Pugh, Defendant Meek and Defendant Unknown Officer acted with malice, negligence, and/or a primary purpose other than that of bringing an offender to justice.

142.    Defendant Louisville and Defendant Chief Conrad are liable under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff John Albin hereby requests:

A.    Judgment against all Defendants for physical and emotional/mental damages and pain and suffering, permanent injury, humiliation and embarrassment, for inconvenience, compensatory damages, punitive damages, and attorney's fees and interest;

B.    Trial by jury;

C.    Pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs pursuant to 42 U.S.C. § 1920; and

D.    For any and all other relief to which he may be entitled.

Respectfully Submitted,

**/s/ Kevin Pride**
Kevin Pride
Pride Law Office
119 South 7th Street, Suite 400
Louisville, KY 40202
Phone: (502) 309-4714
Fax: (502) 584-0656
kevin@pridelawoffice.com
*Attorney for Plaintiff John Albin*